# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ERIC WALTON, )<br>)<br>    Plaintiff, )<br>v. )<br>)<br>UNITED STATES STEEL CORPORATION, )<br>)<br>    Defendant. ) | CASE NO.: 2:15-CV-74 |

## ANSWER TO COMPLAINT

Defendant, United States Steel Corporation ("U. S. Steel"), by counsel, Answers Plaintiff's Complaint and states:

### STATEMENT OF LEGAL CLAIM

1. Walton suffered damages, emotional distress, emotional pain and suffering, and loss of income due to defamation via false statements and negative references given by US STEEL to potential employers, one being Arcelor Mittal located in Bums Harbor, IN (Mittal).

**ANSWER:** The allegations contained in Paragraph 1 of Plaintiff's Complaint are denied.

2. Walton suffered damages, emotional distress, emotional pain and suffering, and loss of income due to discriminatory retaliation via violation(s) of the Americans with Disabilities Act Amendments Act of 2008 (ADAAA) by US STEEL; such violation(s) mentioned and inferred in #1.

**ANSWER:** The allegations contained in Paragraph 2 of Plaintiff's Complaint are denied.

3. Walton suffered damages, emotional distress, emotional pain and suffering, and loss of income due to discriminatory retaliation via violation(s) of the Civil Rights Act (Title VII) by US STEEL; such violation(s) mentioned and inferred in #1.

**ANSWER:** The allegations contained in Paragraph 3 of Plaintiff's Complaint are denied.

FACTS IN SUPPORT OF CLAIM

1. Walton is a resident of Gary, IN; address being 4021 E 13th Ave.

**ANSWER:** U. S. Steel admits only that, upon belief, Plaintiff is a resident of Gary Indiana, and resides at 4021 E 13th Avenue.

2. Walton was born on 2/4/77.

**ANSWER:** U. S. Steel admits only that, upon belief, Plaintiff was born on February 4, 1977.

3. Walton was an employee of US STEEL, Tin Mill Department, 6 Stand Mill; Walton's starting date being 2/6/06 and ending date being 2/27/09.

**ANSWER:** The allegations contained in Paragraph 3 of Plaintiff's Complaint are admitted.

4. US STEEL is headquartered in Pittsburgh, PA with facilities and operations in Gary, IN.

**ANSWER:** The allegations contained in Paragraph 4 of Plaintiff's Complaint are admitted.

5. During past employment with US STEEL, Walton suffered two debilitating and near fatal adverse reactions due to long term chemical exposure at 6 Stand Mill (worksite); both highly severe: first occurring 12/12/07, the second occurring 2/21/08.

**ANSWER:** U. S. Steel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 in the substance, manner and/or form stated. To the extent a response is deemed necessary, the allegations contained in Paragraph 5 are denied.

6. Walton was forced to return to worksite at or around 2/4/08, his 31st birthday, by US STEEL despite doctor's orders and common sense. Safety refusal would be considered insubordination; this logically infers how and why Walton suffered second injury 2/21/08, just a mere 17 (seventeen) days later.

**ANSWER:** U. S. Steel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 in the substance, manner and/or form stated; to the extent the allegations contained in Paragraph 6 suggest or imply any wrongdoing on the part of U. S. Steel, its employees, and/or former employees, U. S. Steel denies them as untrue.

7. After self-motivated investigation, Walton filed and was subsequently awarded worker's compensation benefits retroactively to 12/12/07.

**ANSWER:** The allegations contained in Paragraph 7 of Plaintiff's Complaint are denied.

8. Walton thus recognized as one with disability and needing reasonable accommodation, i.e., new worksite, where coke dust and materials containing such (nickel), cutting oils (dichlorophene), and hydraulic fluid solution (propylene glycol).

**ANSWER:** U. S. Steel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 in the substance, manner and/or form stated; to the extent the allegations contained in Paragraph 8 suggest or imply any wrongdoing on the part of U. S. Steel, its employees, and/or former employees, U. S. Steel denies them as untrue.

9. From time of worker's compensation awarded (6/10/08), Walton experienced many patterns of "mistakes" by US STEEL leading up to his final date of employment described in #3; such "mistakes" included: monies paid in a timely fashion, false accusations of AWOL when not the case and such was proven with documentation Walton possessed, worker's compensation being terminated by US STEEL before reasonable accommodation made or a layoff offered due to fact reasonable accommodation wasn't available so Walton can get unemployment benefits, an unreasonable accommodation offered as a reasonable accommodation despite documents stating otherwise, suspended and subsequently terminated for insubordination despite documents and

evidence possessed vindicating Walton as being truthful and not guilty of insubordination when he followed instruction of his Local Union 1066 who worked in concert with US STEEL on Walton's behalf, insurance and benefits rightly due to Walton were terminated despite new contract agreement calling for such to be active during grievance filing and process, bad faith deals offered by US STEEL to Walton, i.e. a last chance agreement despite Walton possession an impeccable disciplinary record and this disability/worker's compensation case being only incident during employment, US STEEL refusing to negotiate reasonable accommodation fairly due to Walton filing civil case 2:10-CV-00188, grievance hearing lost and recognized as controversial by numerous persons who Walton knows personally who possess decades of grievance experience by them grievers, employment lawyers, or International Union officers

**ANSWER:** The allegations contained in Paragraph 9 of Plaintiff's Complaint are denied.

10. Walton developed further disabilities stemming from that which is described in #5 #6, and #9; such disabilities include depression, fibromyalgia, hyperacusis, irritable bowel syndrome.

**ANSWER:** U. S. Steel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 in the substance, manner and/or form stated; to the extent the allegations contained in Paragraph 10 suggest or imply any wrongdoing on the part of U. S. Steel, its employees, and/or former employees, U. S. Steel denies them as untrue.

11. Walton's care for all described, mentioned, and inferred in #10 are ongoing and have been since 2012, 2/1/12 being the date Walton finally gained insurance coverage via the Healthy Indiana Program (HIP) with the State of Indiana.

**ANSWER:** U. S. Steel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 in the substance, manner and/or form stated; to the extent the allegations contained in Paragraph 11 suggest or imply any wrongdoing on the part of U. S. Steel, its employees, and/or former employees, U. S. Steel denies them as untrue.

12. #9 through #11 shows obvious pattern of bad practices by US STEEL, very foundation of ongoing actions which is the current "Statement of Legal Claim". US STEEL previously made mention of events stated in #5 through #12 in its response to Walton's EEOC Charge No: 470-2014-01664; Walton in response clarified that is not the case however US STEEL's mere insinuation, albeit false, gives way for the past pattern of "mistakes", i.e., past actions and practices to be recalled and current litigation, more importantly the current Court and Judge to truly take into consideration with this civil case as stated in "Statement of Legal Claim"

**ANSWER:** The allegations contained in Paragraph 12 of Plaintiff's Complaint are denied.

13. Walton applies to Mittal at or around 3/11/13 utilizing an employee reference from his uncle; who happened to also previously worked at US STEEL before working at Mittal.

**ANSWER:** U. S. Steel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 in the substance, manner and/or form stated; to the extent the allegations contained in Paragraph 13 suggest or imply any wrongdoing on the part of U. S. Steel, its employees, and/or former employees, U. S. Steel denies them as untrue.

14. Walton selected to take Work Keys test for Mittal at or around 4/2/13

**ANSWER:** U. S. Steel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 in the substance, manner and/or form stated.

15. Walton passes test with required score of 4.

**ANSWER:** U. S. Steel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 in the substance, manner and/or form stated.

16. Walton takes second test at Burns Harbor at or around 6/6/13; prior to taking test, Walton was asked if US STEEL could be contacted for reference to which Walton says sure.

**ANSWER:** U. S. Steel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 in the substance, manner and/or form stated.

17. Walton receives email from Mittal dated 7/29/13 stating he is unable to be considered for further employment despite previous experience at US STEEL; "evaluation results are final and cannot be revised or discussed" is stated.

**ANSWER:** U. S. Steel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 in the substance, manner and/or form stated.

18. Walton runs into his uncle mentioned in #13 by chance; uncle assumed I was waiting on a hire date. After notifying uncle otherwise, uncle makes mention of Walton being blackballed and his personnel file has something showing negative statements and references; uncle had a similar situation during his tenure at US STEEL where he suffered worksite injuries from adverse reactions suffered and permanent restrictions gained. Uncle states to Walton that he knows a HR Supervisor at Mittal (Walton also knows of said HR Supervisor after uncle describes who it is and how Walton knows said person) and will provide information.

**ANSWER:** The allegations contained in Paragraph 18 of Plaintiff's Complaint are denied.

19. Walton learns from uncle via HR Supervisor mentioned in #18 that US STEEL indeed supplied bad references and negatively placed Walton in a bad light. Uncle made a logical inference based on strategic response and wording given by HR Supervisor.

**ANSWER:** The allegations contained in Paragraph 19 of Plaintiff's Complaint are denied.

20. Walton makes logical inference that he has been denied numerous job opportunities after interviews and up to the reference checks. Furthermore, time in between jobs (last day worked 2/21/08, last day of being on payroll and recognized as an employee of US STEEL 2/27/09) is looked upon false and is misleading with US STEEL providing such false, misleading, and negative references and statements.

**ANSWER:** The allegations contained in Paragraph 20 of Plaintiff's Complaint are denied.

21. Walton is therefore blackballed and red flagged by US STEEL via that which is listed in detail in "State of Legal Claim"

**ANSWER:** The allegations contained in Paragraph 21 of Plaintiff's Complaint are denied.

## FIRST AFFIRMATIVE DEFENSE

All of the allegations contained in the Complaint that are not specifically admitted are denied.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state any claims upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Defendant has at all times acted in good faith and have not violated any rights that may be available to Plaintiff under any applicable law, rule or regulation.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of latches, waiver and/or estoppel.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust the administrative and/or contractual remedies available to him.

## SIXTH AFFIRMATIVE DEFENSE

Defendant maintains and enforces policies prohibiting discrimination and retaliation, and Plaintiff unreasonably failed to take advantage of the complaint procedures and preventative and corrective opportunities contained therein.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover the damages he is seeking under any of his claims.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff failed to exhaust the administrative remedies and prerequisites to suit.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to reasonably mitigate any damages to which he might otherwise be entitled.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff cannot demonstrate a *prima facie* case of race discrimination, disability discrimination, defamation, or retaliation.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant's actions were based upon legitimate, non-discriminatory and non-retaliatory reasons.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant at all times acted in good faith and without malice or reckless indifference to Plaintiff's protected rights and, therefore, Plaintiff cannot recover punitive damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant provided no statements or information to prospective employers concerning Plaintiff, and any requests for information from prospective employers or outside entities to U. S. Steel concerning U. S. Steel employees or former employees are handled by a third party.

## RESERVATION OF DEFENSES

Defendant reserves the right to amend its Answer to assert additional affirmative defenses based upon any additional information obtained during pretrial discovery.

WHEREFORE, Defendant United States Steel Corporation respectfully requests that judgment be entered in its favor, and against the Plaintiff, and that all relief requested by Plaintiff be denied.

Respectfully submitted,

May 21, 2015

/s/ Rodney M. Torbic
Rodney M. Torbic
PA I.D. No. 66089
United States Steel Corporation
600 Grant Street, Room 1500
Pittsburgh, PA  15219
412-433-2990

Terence M. Austgen (#2484-49)
Elizabeth M. Bezak (#16648-64)
Burke Costanza & Carberry LLP
9191 Broadway
Merrillville, IN 46410
(219) 769-1313

Attorneys for Defendant,
UNITED STATES STEEL
CORPORATION

# CERTIFICATE OF SERVICE

I certify that on May 21, 2015, service of a true and complete copy of the foregoing **Answer to Complaint** was made upon the following counsel and/or parties of record by depositing same in the United States Mail in envelopes properly addressed to them and with sufficient first-class postage affixed:

Eric R. Walton
4021 East 13th Avenue
Gary, Indiana 46403
*Pro Se* Plaintiff

By: /s/Rodney M. Torbic